# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## NOVEMBER SESSION, 1997

FILED

January 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

MICHAEL MCNEIL,       )
                      )
     Appellant       )       No. 02C01-9705-CC-00168
                      )
vs.                   )       MADISON COUNTY
                      )
                      )       Hon. WHIT LAFON, Judge
STATE OF TENNESSEE,   )
                      )       (Post-Conviction)
     Appellee        )


For the Appellant:

**Frank Deslauriers**
P.O. Box 1156
Covington, TN  38019

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Deborah A. Tullis**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**James G. (Jerry) Woodall**
District Attorney General

**Al Earls**
Asst. District Attorney General
Lowell Thomas State Office Bldg.
Jackson, TN  38301


OPINION FILED: _____

REMANDED


**David G. Hayes**,
Judge

## OPINION

The appellant, Michael McNeil, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief arising from his 1989 convictions for three counts of grand larceny and three counts of burglary. These convictions served as triggering offenses for the jury's finding that the appellant was an habitual criminal. Accordingly, the sentences were enhanced to six life sentences. On March 30, 1993, the appellant filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel based upon (1) a conflict of interest arising from joint representation of the appellant and his co-defendant and (2) deficient performance in failing to present an alibi defense.[1]

After a review of the record before us, we remand to the trial court for further proceedings consistent with this opinion.

## Background

The appellant's jury convictions for burglary and theft stem from his and his co-defendant's unexplained possession of recently stolen property.[2] The vehicle in which the appellant was a passenger and which was being driven by his co-defendant was stopped by a law enforcement officer on Interstate 40 because of the erratic manner in which it was being driven. Items stolen from three recent burglaries were found in the vehicle. At trial and during various pre-trial proceedings, the appellant and his co-defendant were jointly represented by Larry Fitzgerald, an attorney retained by members of their respective families.

---

[1]We address only those issues which have been properly briefed and which are supported by legal authority. The remaining issues are waived. Tenn. R. App. P. 36(a).

[2]State v. Anderson and McNeil, C.C.A. No. 3 (Tenn. Crim. App. at Jackson, Apr. 25, 1990), perm. to appeal denied, (Tenn. July 30, 1990).

At the November 26, 1996, post-conviction hearing, the appellant presented testimony which he argues clearly supports a conflict of interest based upon this joint representation. Specifically, the appellant asserts that there was no proof to connect him with the stolen goods. In support of this position, he offers the statement of his co-defendant at the suppression hearing wherein the co-defendant, Anderson, testified that "it was [my] car and basically everything in that car belonged to [me]."[3] Contemporaneously, the appellant, when questioned by attorney Fitzgerald, denied any proprietary interest in the contents of the car. Moreover, in a sworn statement attached to his petition, the appellant stated that he and his co-defendant were offered a negotiated fifteen year plea agreement and that his co-defendant wanted to accept the offer. The agreement, however, was contingent upon both defendants accepting the offer, and, since the appellant maintained his innocence, the offer was rejected.

As to the claim of deficient performance at trial, the appellant contends that two witnesses, Margaret Reed and Cerita McNeil, would have established an alibi. Cerita McNeil, the appellant's sister, testified at the hearing that, prior to the appellant's trial, she discussed his case with Mr. Fitzgerald. She related that she informed Mr. Fitzgerald that her brother left her house in Memphis around 11:30 a.m. on the day of the burglaries. The proof at trial placed the time of one of the three burglaries in Madison County at 12:07 p.m.[4] She stated that, although she attended her brother's trial, she was never called as a witness by Mr. Fitzgerald. Ms. McNeil averred that she again attempted to inform him about her testimony immediately prior to trial, but Fitzgerald ignored her. Although Margaret Reed did not testify at the post-conviction hearing, the substance of her testimony at the appellant's preliminary hearing was introduced. At the preliminary hearing, Ms. Reed testified that the appellant was at her home in Brownsville between 12:00 and

[3]Motion to Suppress at 2.

[4]An electric clock which had been unplugged and removed from the wall in one of the burglaries had stopped at 12:07 p.m. All of the burglaries occurred on the same day.

3

12:30 p.m. on the day of the burglaries.

In reference to the proffered alibi proof of Ms. Reed, Mr. Fitzgerald testified that he was unaware of her testimony at the appellant's preliminary hearing. He explained that he did not represent the appellant at that time and he had not reviewed the preliminary hearing tapes nor had he discussed with the appellant's counsel the proof introduced at the preliminary hearing. Regarding the proffered alibi testimony of Ms. McNeil, Mr. Fitzgerald testified that this witness was simply lying and that she had never discussed with him any alibi proof.

On direct examination, Mr. Fitzgerald testified that he saw no conflict arising from his joint representation of the appellant and the co-defendant, Anderson. The following colloquy between appellant's trial counsel, Larry Fitzgerald, and post-conviction counsel characterizes trial counsel's position as it relates to the issue of joint representation and conflict of interest.

Q. Are you aware of any disciplinary rules or regulations about conflicts of interest in representing two defendants in a criminal matter?

A. Well you have to discuss it with them, and then you have to make a decision on whether you think it's a conflict. I thought I did that.

Q. Did you discuss that with them individually or in a group?

A. I'm not sure. I've talked to one without the other, and I've talked to both of them together a lot.

Q. But you don't know when you talked to either of them about the conflict?

A. I don't remember, but I'm sure I discussed it with them.

Later and somewhat contradictory to his earlier testimony, Fitzgerald testified, "I discussed with both of them extensively about my representation of both of them. They - I asked them did they think it was a conflict." Fitzgerald conceded that had he known that the stolen property was being claimed exclusively by the co-defendant, then a conflict would have existed requiring his withdrawal from the case. He also recalls that he recommended that neither defendant should testify as both

had extensive criminal convictions. However, he qualified this statement by adding that the appellant never expressed a desire to testify and that, if he had so requested, he would have called him to the stand. Mr. Fitzgerald confirmed that the State had offered a "package" plea offer of fifteen years, but added that both defendants wanted to proceed to trial.

## Analysis

At the conclusion of the hearing, neither side offered any argument and the trial court took the matter under advisement with the following statement:

> [f]or the record, the Court finds that Mr. Fitzgerald who represented [the appellant] is a competent attorney in handling this case and did what could be reasonably expected of him, and the Defendant received a fair trial, and for that reason the Petition for Post-Conviction Relief is denied.

Subsequently, the trial court, without any findings of fact, entered a written order summarily dismissing the appellant's petition, concluding that:

> the petitioner has not carried his burden of proof . . .nor has the petitioner shown any actual conflict that existed between him and his co-defendant during the trial of this case.

The trial court's failure to make any discernible findings of fact and conclusions of law as required by Tenn. Code Ann. § 40-30-118(b) precludes any meaningful review of the merits of the appellant's Sixth Amendment claim.

As may be observed from the record in this cause, essentially all of the predicate factual questions posed at the hearing which underlie the issues of ineffective assistance remain in dispute. Of particular concern is the issue of whether the appellant was denied ineffective assistance of counsel due to a conflict of interest. Joint representation of co-defendants does not *per se* constitute ineffective assistance of counsel due to a conflict of interest. Rather, there must also be evidence that trial counsel "actively represented conflicting interests and that

5

an actual conflict of interest adversely affected his lawyer's performance."

Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067 (1984)

(quotation omitted).

> To determine whether an actual conflict of interest exists
>
> . . . [A]ppellants must make a factual showing of inconsistent interests and must demonstrate that the attorney 'made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical.' . . . There is no violation where the conflict is 'irrelevant or merely hypothetical'; there must be an 'actual significant conflict.' . . .
>
> The Supreme Court has observed, however, that a conflict of interest stemming from multiple representation may prevent an attorney 'from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution.' Holloway v. Arkansas, 435 U.S. 475, 490, 98 S.Ct. 1173, 1181(1978).

Thomas v. Foltz, 818 F.2d 476, 481 (6th Cir. 1987).

Finally, we note that, although a showing of adverse effect is required, this showing does not equate to a showing of actual prejudice as required under the second prong of Strickland. A petitioner need not show that the result of the trial would have been different without the conflict of interest, rather, only that the conflict had some adverse effect on counsel's performance. McConico v. State, 919 F.2d 1543, 1548 (11th Cir. 1990). "[I]f the defendant is able to demonstrate that a conflict of interest had an adverse impact . . . prejudice will be presumed." Foltz, 818 F.2d at 482.

Accordingly, pursuant to the above principles, we remand the claim of ineffectiveness based upon a conflict of interest for the following determinations:

> 1. Whether Anderson told his attorney or otherwise signed a statement acknowledging that the goods in the car were his;
>
> 2. What plea offers were extended to both defendants and whether Anderson at any time advised his attorney that he wanted to accept a plea offer;
>
> 3. Whether an actual conflict of interest existed from trial counsel's joint representation;

6

4. If an actual conflict of interest existed, whether the conflict had an adverse impact on trial counsel's representation of the appellant;

5. Whether trial counsel properly advised the appellant that a potential conflict of interest existed; and

6. Whether the appellant waived his right to conflict-free representation.

With reference to the claim that trial counsel was ineffective for failing to present an alibi defense, we likewise remand for findings as to whether trial counsel's performance was deficient and, if so, whether the appellant suffered prejudice as a result.

The importance of this case and the underlying issues is underscored by the imposition of six life sentences. For the foregoing reasons, we remand for entry of written findings of fact and conclusions of law on all issues presented as required by Tenn. Code Ann. § 40-30-118(b). Upon remand, the trial court shall receive such further testimony as the parties might wish to offer, including the testimony of Anderson, the prosecutor who extended plea offers and any other relevant witnesses who did not testify at the original hearing.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
JOE G. RILEY, Judge

7